THIRD DISTRICT—MAY TERM, 1885.    651

School Directors Dist. No. 2 v. School Directors Dist. No. 4.

SCHOOL DIRECTORS, DIST. No. 2, ETC., FORD COUNTY,
v.
SCHOOL DIRECTORS, DIST. No. 4, ETC.

1. SCHOOL DISTRICTS—NEW DISTRICT.—A bill in chancery, by a newly created school district, to compel the payment by the old district of the amount found due upon the division. *Held,* that such a case presents ground for relief in a court of equity.

2. SUIT BARRED BY DELAY.—Where a bill in chancery, by a newly created school district, to compel the payment by the old district of the amount found due upon the division, was not filed until thirteen years had elapsed after the division. *Held,* that as the trust is an implied one, arising by operation of law, the delay of thirteen years in bringing the suit is a bar to recovery.

3. TRUSTS—WHEN STATUTE OF LIMITATIONS APPLIES.—As to express trusts, strictly and technically so called, where the exclusive jurisdiction is in equity, there is no bar in actions between trustee and *cestui que trust* based upon delay in bringing the suit; but as to implied trusts arising by operation of law, the maxim, " *Vigilantibus non dormientibus equitas subvenit* " applies, and the action will be barred by the time fixed by the statute in analogy to the limitation of similar actions at law.

ERROR to the Circuit Court of Ford county; the Hon. O. T. REEVES, Judge, presiding.   Opinion filed August 20, 1885.

Messrs. TIPTON & MOFFETT, for plaintiffs in error; that the claim is barred by the Statute of Limitations, cited 2 Dillon on Municipal Corporations, § 675; School Directors v. School Directors, 105 Ill. 653; County of Piatt v. Goodell, 97 Ill. 84; Trustees v. Trustees, 81 Ill. 470; School Directors v. Miller, 49 Ill. 495.

Mr. A. SAMPLE, for defendants in error; cited Jackson v. Norris, 72 Ill. 364; Steele v. Clark, 77 Ill. 471; Directors v. Directors, 73 Ill. 249.

WALL, P. J.   This was a bill in chancery filed by School Directors, District No. 4, town 23, north, range 9 east, in Ford county, against School Directors, District No. 2, same township.

It is alleged in the bill that District No. 4 was carved out of said District No. 2; that the property of the district was appraised as required by law, and the amount found due complainant was $162.60; that the same has never been paid; that the township trustees have not taken, and will not take steps to compel payment, and prays that said District No. 2 be compelled to pay said amount to the township treasurer for the use of the complainant. A demurrer to the bill was overruled and an answer was then filed denying substantially the material facts alleged in the bill setting up payment and the Statute of Limitations five years.

The cause was heard upon bill, answer, replication and proofs, and a decree was entered in favor of complainants, to reverse which the defendants brought their writ of error.

The record is thus presented for our consideration, and it is urged, first, the facts set up in the bill furnish no ground for relief in a court of equity, and second, the claim if it ever existed is barred by the Statute of Limitations five years. The case of School Directors v. School Directors, 73 Ill. 249, was like the case before us, a bill in chancery by a newly created district to compel the payment by the old district of the amount found due upon the division, and it was insisted that the case presented no ground for relief in a court of equity; that the remedy at law was complete, and that the bill should have been dismissed for that reason. But the Supreme Court held the objection not tenable; that the fund was a trust fund, and that when paid to the treasurer it would be held for the use of the district under the control of the trustees; that the district could not sue at law, and having no means of compelling the trustees to act, the district as the *cestui que trust* had a right to file the bill and have the fund collected and applied to its legitimate use, thus preventing its loss or perversion.

This authority therefore clearly settles the first point against the plaintiffs in error. As to the second point, the bill was not filed until thirteen years had elapsed after the division of the district and the appraisement of the property, and it is urged that this is a stale claim and that it is barred for that reason. On the other hand it is urged that the fund

involved being a trust the delay in filing the bill is no valid objection to the relief sought. It is a fundamental maxim that equity aids the vigilant, not those who slumber on their rights; and it is said that the principle operates throughout the entire remedial portion of equity jurisprudence. It is an important rule, controlling and restraining the courts in the administration of all kinds of relief, and in some of its applications it may properly be regarded as a special form of the more general principle that he who seeks equity must do equity.

It is designed to promote diligence, discourage laches, by making it a bar to relief, and to prevent the enforcement of stale demands wholly independent of Statutes of Limitations, and is invoked in suits for injunction to obtain remedy against fraud, and in all classes of cases, except perhaps those brought to enforce a trust against an express trustee. Pomeroy, Eq. Jur., Vol. 1, Sec. 418-19.

Trusts are usually divided and considered under the heads of express trusts and implied trusts. Express trusts are those which are created by the direct and positive acts of the parties by some writing, or deed or will. Implied trusts are those which are deducible from the transaction as a matter of clear intention, but not found in the words of the parties, or which are superinduced upon the transaction by operation of law as matter of eqrity, independent of the particular intention of the parties. 2 Story's Eq. Jur., Sec. 980. Pomeroy says, Vol. 1, Sec. 152, "All possible trusts, whether of real or personal property, are separated by an important line of division into two great classes: those created by the intentional act of some party having the dominion over the property done with a view to the creation of a trust, which are express trusts; those created by operation of law when the acts of the parties have no intentional reference to the existence of any trusts, which are implied trusts."

Angell on Limitations, Sec. 166, states the rule to be that a trust, in the strict and technical sense, is not subject to the Statute of Limitations, but in order to be exempt from the bar it must be a direct trust; it must be of the kind belonging ex-

654    APPELLATE COURTS OF ILLINOIS.

School Directors Dist. No. 2 v. School Directors Dist. No. 4.

clusively to the jurisdiction of a court of equity, and the question must arise between the trustee and the *cestui que trust.* It is further said by the same author, that the most common mode of creating a direct trust not cognizable at law is by the appointment and qualification of executors and administrators. Being simply and technically trustees, there is no principle of equity which can admit of their holding to the exclusion of the parties beneficially interested. And though the statute does not apply in such cases, yet it has been invariably maintained that if a trustee should deny the right of his *cestui que trust* and assume absolute ownership of the property he held in trust, he abandons his judiciary capacity and the statute will apply; and, quoting from Mr. Justice Story, the author further remarks, that when it is said the Statute of Limitations does not apply to cases of trust, it is material to consider the sense in which that proposition is to be understood, and that even in cases of express trusts, if an open adverse claim is set up by the trustee against the *cestui que trust* and the trust denied, there is much reason to hold that the bar ought to be admitted to arise after that period; and the author finally remarks, " that in cases of implied trusts in relation to personal property and to the rents and profits of real estate, when persons claiming in their own right are turned into trustees by implication, the right of action in equity will be considered as barred at the end of the time limited by the statute in analogy to the limitation of a similar action at law." Sec. 178.

The term " direct trust," as used by this writer, we understand to be synonymous with the term " express trust," as employed by Story and Pomeroy; and the rule to be drawn from the authorities cited would seem to be that as to express trusts strictly and technically so called, where the exclusive jurisdiction is in equity, there is no bar in actions between trustee and *cestui que trust,* based upon delay in bringing the suit, but as to implied trusts arising by operation of law the maxim *"vigilantibus non dormientibus equitas subvenit,"* applies, and the action will be barred by the time fixed by the statute in analogy to the limitation of similar actions at law.

The trust in question arises by operation of law, and is in the plainest sense of the term not an express, but an implied trust. It grows out of the fact that a new district has been formed from an existing district, and that the law provides in such cases that all school property belonging to the district out of which the new one is formed shall be appraised in a just and equitable manner, and the estimated value shall be distributed by the trustees among the districts concerned, in proportion to the amount of taxable property in each. Gross, Stat. 1869, Ch. 98, Sec. 33. This is a trust by operation of law merely, and is subject to the rule embodied in the maxim above quoted. We are therefore of opinion that the delay of thirteen years in bringing this suit must be held a bar to recovery.

The decree of the circuit court is accordingly reversed and cause remanded with directions to dismiss the bill at the cost of the complainants therein.

Reversed and remanded.